IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RONALD CLAUSNITZER, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | 1:07-CV-1923-GET-JFK |
| FEDERAL EXPRESS CORPORATION, | |
| Defendant, | |
| UNITED PARCEL SERVICE, INC., | |
| Movant. | |

## ORDER

Pending before this Court is non-party United Parcel Service, Inc.'s ("UPS") motion to quash, filed pursuant to Fed. R. Civ. P. 45(c), and motion for protective order, filed pursuant to Fed. R. Civ. P. 26(c). [Doc. 1]. The underlying litigation upon which this discovery dispute arises is pending in the Central District of California, <u>Clausnitzer, et al. v. Federal Express Corporation</u>, SACV 05-1269-DOC-AN.

**1. Facts**

Plaintiffs served two subpoenas, issued by this Court, on non-party UPS:

(a)  Rule 30(b)(6) subpoena for the deposition of a person most knowledgeable at UPS to provide "information as to the approximate ages

    and tenure of UPS personnel who drive small trucks and pick up and deliver letters and small packages." [Doc. 1, Ex. F].

 (b) Subpoena duces tecum for - (1) "data in electronic form providing the age and number of years of service required for couriers to retire from UPS in an early retirement plan by region"; (2) "data in electronic form providing the age and number of years of service required for couriers to retire from UPS in a normal retirement plan by region"; (3) "data in electronic form providing the total percentage of all couriers who have 10 or more years of experience as a full-time courier and have retired through the early retirement plan"; (4) "data in electronic form providing the total percentage of couriers who have 10 or more years of experience as a full-time courier and have retired through the normal retirement plan"; and (5) "data in electronic form providing the date of hire, number of years of service, date of birth and date of last employment if no longer with UPS for each full-time courier hired from January 1, 1997 through July 9, 2007." [Id.].

UPS objected to the subpoenas on the grounds (1) that the requests were over broad and unduly burdensome, citing the number of employees (over 300,000 currently and over 500,000 for the last ten years) whose records must be researched; (2) of the lack of centralized record-keeping - and in fact, that no such records containing the information sought existed but would have to be created; (3) that compliance would disclose confidential commercial information to competitors, such as, the defendant in the underlying litigation; (4) that the information sought was not relevant to the underlying litigation; and (5) that, as to items (1) through (4), UPS did not have custody or control over the records because pension and retirement plans for UPS

2

drivers were handled under a collective bargaining agreement by the International Brotherhood of Teamsters ("IBT") and not by UPS. [Doc. 1].

Plaintiffs' responded seeking to enforce the subpoenas focusing on the issue of whether the information being sought was relevant to their attempt to seek class certification. Plaintiffs also stated that a protective order could be entered in the underlying litigation to protect UPS's commercial interests; however, the Court notes (as did UPS at the hearing on the motion) that a protective order could not protect UPS against disclosure of the information provided to Defendant Federal Express. Finally, Plaintiffs sought transfer of this discovery matter to the trial court overseeing the underlying litigation. [Doc. 4]. Plaintiffs' response did not address the obvious over breath of the subpoenas, the fact most of the documents sought were not in UPS's possession, nor the undue burden alleged by UPS in responding the subpoenas. [Id.].

The Court conducted a hearing on the motion on July 25, 2007. [Doc. 5]. At the hearing, counsel for Plaintiff, conceding that UPS could not produce documents not in it's custody or control and that UPS could not be compelled to create documents to respond to the subpoenas, withdrew the subpoena duces tecum and revised the Rule 30(b)(6) subpoena to seek the deposition of a person most knowledgeable at UPS to provide information as follows: (1) the percentage of currently-employed UPS package

3

car drivers who are ages 55 to 59; and (2) the percentage of such employees who are age 60 and over. Plaintiffs' counsel also acknowledged that part of the information previously sought from UPS had been obtained from IBT. The Court directed counsel for UPS to determine the burden (time and cost) on UPS to produce the information sought in the revised Rule 30(b)(6) subpoena. By supplemental memorandum and letter fax to the Court, UPS provided the following information on this request:

> UPS currently has over 380,000 active employees, and the names of over 1,000,000 current and former employees would have to be searched in its database. UPS maintains its employee records in 12 different regional databases across the country. Based on the activities required - Analysis and Design, Code and Client Test, User Acceptance Test, Execution - UPS estimates that it would take <u>over one full week</u> to respond to Plaintiffs' most recent requests.

[Doc. 6 at 3-4] (emphasis in original). Counsel for UPS advised the Court that the cost to UPS for conducting the search and providing the information sought was $8,072.00.

**2.   Discussion**

Underlying the Court's resolution of non-party UPS's motion to quash and for a protective order regarding the revised Rule 30(b)(6) subpoena is the issue whether this court or the court in which the litigation is pending, the Central District of California ("trial court"), is the proper forum to resolve the discovery dispute. Without citation to legal authority, in their response to UPS's motion, Plaintiffs sought a

4

transfer. [Doc. at 3-4]. Recently, counsel for Plaintiffs advised the Court that an order had been entered by the District Court in the Southern District of Florida transferring to the trial court a motion to quash and for a protective order filed by a non-party, DHL, Inc., for subpoenas issued in the Southern District of Florida seeking information similar to that sought in this district from UPS. See Clausitzer, et al.[1] v. Federal Express Corporation, Case No. 07-61020-MC-Zloch (Doc. 3, July 31, 2007). Plaintiffs', over UPS's objection, asks this Court to follow that court's lead and enter a similar order.

The Eleventh Circuit Court of Appeals has not ruled on this issue, that is, whether a motion to quash filed pursuant to Fed. R. Civ. P. 45(c) or a motion for a protective order filed pursuant to Fed. R. Civ. P. 26(c), may be transferred or remitted from the court with ancillary jurisdiction over the discovery dispute to the court in which the underlying litigation is pending.[2] There is a split of authority in other circuits pertaining to the authority of a court with ancillary jurisdiction over a Rule 45 motion to quash to transfer the motion. See United States v. Star Scientific, Inc., 205

---

[1] The spelling of Plaintiff's name differs from that on the papers filed in this court.

[2] In fact, this court has found only one published case, In the Matter of Friedman's, Inc., 356 B.R. 779 (S.D. Ga. 2005), for a court in this circuit addressing this issue.

5

F. Supp. 2d 482, 485 n.4 (D. Md. 2002) (noting that the Eighth and Tenth Circuits supported such transfers but that the Seventh and District of Columbia Circuits found such transfers inappropriate); see also Friedman's, 356 B.R. at 780 (same). After a review of the pertinent federal rules and the positions of those courts both allowing a transfer and not allowing a transfer, this Court concludes that it may not, over the non-party's objection, transfer the motion to quash filed pursuant to Rule 45 but that the motion for a protective order filed pursuant to Rule 26 may be remitted to the trial court.

> Rule 26(c) states in pertinent part:
>
> Upon motion by a party or by the person from whom discovery is sought, . . . the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . .

Fed. R. Civ. P. 26(c). Thus, "Rule 26(c), governing protective orders, expressly permits flexibility in cases in which discovery disputes involve multiple courts." Star Scientific, 205 F. Supp. 2d at 485; see also Kearney v. Jandernoa, 172 F.R.D. 383 n.4 (N.D. Ill. 1997) (noting that "a protective order under Rule 26(c) can be sought/determined in the court where the underlying action is pending, as well as the court from which the subpoena issued"). Additionally, the Advisory Committee Notes

6

to the 1970 revisions to subsection (c) sanction remitting such motions to the court where the underlying action is pending: "'The court in the district where the deposition is being taken may, and frequently will, remit the deponent or party to the court where the action is pending.'" Star Scientific, 205 F. Supp. 2d at 485 (quoting Fed. R. Civ. P. 26(c), Advisory Committee Notes, 1970 Amendment, Subdivision (c)). The Court has not found any case, nor has UPS provided citation to a case, holding that this Court may not remit the motion for a protective order, filed pursuant to Fed. R. Civ. P. 26(c), to the trial court in the district where the underlying litigation is pending.

Furthermore, the Court agrees with the conclusion reached by the District Court in the Southern District of Florida. The District Court noted that Plaintiffs are seeking discovery from a number of non-party competitors and that given the "numerous, extensive and complex discovery demands pending with other non-parties a ruling by this Court may have the unintended effect of producing inconsistent discovery parameters for the Plaintiffs' discovery from other non-parties. In order to ensure the desired uniformity for Plaintiffs' discovery demands, the Court finds that it accords with the interests of justice expressed in the Federal Rules of Civil Procedure 1 and 26(c) to transfer the instant motion . . . to the United States District Court for the Central District of California." Clausitzer, Doc. 3 at 2. However, as noted, this Court

7

finds that it lacks the authority to transfer the motion to quash filed pursuant to Rule 45(c).

Rule 45 neither explicitly nor implicitly offers the forum flexibility accorded by Rule 26(c).  See WM High Yield v. O'Hanlon, 460 F. Supp. 2d 891, 893 (S.D. Ind. 2006) ("Moreover, the language of the rule itself persuasively counsels against transfer. Rule 45(c)(3)(A) plainly states that '[o]n a timely motion, *the court by which a subpoena was issued* shall quash or modify. . . .'") (quoting Fed. R. Civ. P. 45(c)(3)(A) (emphasis added)).  And, many of the courts that have allowed a transfer of a Rule 45(c) motion to quash or compel have done so finding special circumstances, such as, and most importantly, the consent of the non-party to the transfer,[3] or designated Multi-District Litigation ("MDL"), or with a finding of lack of inconvenience to the non-party due to proximity of districts along with a determination that, because of the complexity of the underlying litigation and the discovery disputes, the court in which the litigation is pending should handle the dispute. See, e.g., O'Hanlon, 460 F. Supp. 2d at 893 (noting that Seventh Circuit Court of Appeals authorized transfer of motions to quash in MDL); Star Scientific, 205 F. Supp. 2d at

---

[3]In Star Scientific, the court, quoting Byrnes v. Jetnet Corp., 111 F.R.D. 68, 70 n.2 (M.D.N.C. 1986), noted that "the 'emerging consensus' was that a court may not transfer discovery disputes over the objection of a nonparty. . . ."  205 F. Supp.2d at 486.

8

487 (allowing transfer of motion to quash noting non-party sought transfer and close proximity (District of Maryland and District of Columbia) of district courts)[4]; Pactel Personal Commmunications v. JMB Realty Corp., 133 F.R.D. 137, 139 (non-party consent to transfer allows court, using Rule 26(c) authority, to transfer motion to quash). In this case, as noted, non-party UPS opposes a transfer of the motion to quash. [Docs. 1 and 6]. And, it is obvious that the two districts involved do not share a proximity of location.

Although courts have found that transfer of a Rule 45(c) motion to quash or compel is not appropriate, those same courts, because of the complexity of the underlying litigation and to ensure uniformity in the resolution of discovery disputes, have authorized the entry of orders or have entered orders staying the motions to quash or compel to allow the court in which the litigation is pending to rule on a Rule 26(c) motion for a protective order, subsequently deferring to that ruling. See In Re Sealed Case, 141 F.3d 337, 340-42 (D.C. Cir. 1998) (although district court may not transfer motion to quash, court may stay proceeding and allow filing of motion for protective

---

[4]The court in Star Scientific also noted that the district judge responsible for the litigation in the district in which the underlying case was pending had entered an order expressing "willingness" to decide non-party discovery disputes and had appointed a special master to handle the "voluminous discovery and issues that arise from it[,]" as additional reasons to find that transfer of the motion was appropriate. 205 F. Supp. 2d at 488.

9

order in district in which litigation is pending and defer to the ruling of that court); <u>In Re Orthopedic Bone Screw Products Liability Litigation</u>, 79 F.3d 46, 48 (7th Cir. 1996) (the court rejected transfer of discovery disputes but advocated stays in courts where discovery is being conducted with the filing of motions for protective orders in court where underlying litigation is pending); <u>Hartz Mountain Corp. v. Chanelle Pharm. Vet. Prod. Manufacturing, Ltd.</u>, 235 F.R.D. 535 (D. Ma. 2006) (same); <u>Friedman's</u>, 356 B.R. at 781 (same); <u>Kearney</u>, 172 F.R.D. at 383 (noting "that the proper 'nomenclature' in such a situation is to 'stay local proceedings and then abide by the decision of the district court [in which the underlying action is pending]'") (citation omitted). The Court finds that this procedure is appropriate in this case as it addresses the concerns noted by the District Court in the Southern District of Florida while not overstepping this Court's authority.

**3.     Conclusion**

This Court **ORDERS** that, pursuant to Fed. R. Civ. P. 26(c), the motion [Doc. 1] for a protective order regarding the revised Rule 30(b)(6) subpoena, that is, seeking the deposition of a person most knowledgeable at UPS to provide information as follows: (1) the percentage of currently-employed UPS package car drivers who are ages 55 to 59; and (2) the percentage of such employees who are age 60 and over, be

10

**TRANSFERRED** to the Central District of California for resolution. The action on the motion [Doc. 1] to quash, pursuant to Rule 45(c), is **STAYED** pending action by the United District Court for the Central District of California on the motion for a protective order or any other relief sought in that court by UPS in connection with the subpoena that is the subject of the pending motion. Immediately upon entry of the California District Court's ruling on the protective order, that ruling shall be filed with this Court by UPS. Thereafter, this Court will vacate the stay and issue a ruling not inconsistent with the ruling of the California District Court. In the event the California District Court declines to rule on the motion for protective order, this Court will consider vacating the stay.

   **SO ORDERED**, this 21st day of August, 2007.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)